EDWARD D. CARTER *vs.* EZRA TOWNE & another.

A declaration that the defendant, knowing that the plaintiff, a child eight years old, had neither experience in nor knowledge of the use of gunpowder, and was an unfit person to be intrusted with it, sold and delivered gunpowder to him, and that he, in ignorance of its effects, and using that care of which he was capable, exploded it and was burned thereby, sets forth a good cause of action, to which the fact that the defendant was a duly licensed seller of gunpowder is no defence.

TORT. The declaration alleged that " the defendants carelessly and unlawfully sold and delivered to the plaintiff two pounds of gunpowder, the plaintiff then being a minor of the age of eight years, and having neither experience nor knowledge in the use of gunpowder, and being an unfit person to be intrusted with the same, all which the defendants knew;" and that " the plaintiff, in ignorance of its effects, and using that care of which he was capable, exploded said gunpowder, and by such explosion was severely and dangerously burned." The defendants demurred on the ground that the declaration set forth no legal cause of action. In the superior court the demurrer was sustained and judgment ordered for the defendants; and the plaintiff appealed.

*A. Russ,* for the defendants.

*N. St. J. Green,* for the plaintiff.

GRAY, J. By the well settled rule of the common law, a person who negligently uses a dangerous instrument or article, or causes or authorizes its use by another person, in such a manner or under such circumstances that he has reason to know that it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured, who is not himself in fault. The liability does not rest on privity of contract between the parties to the action, but on the duty of every man so to use his own property as not to injure the persons or property of others. The principle has been applied in a great variety of instances, and may be sufficiently illustrated by a few cases of undoubted authority.

In the leading case of *Dixon* v. *Bell,* 1 Stark. R. 287, and

5 M. & S. 198, the declaration alleged that the defendant sent a young maidservant for a loaded gun, whom he knew to be too young and an unfit person to be intrusted with the care and custody of it, and that she carelessly and improperly shot the gun at and into the face of the plaintiff's minor son, and severely wounded him, and put the plaintiff to great expenses for his cure. Upon evidence tending to prove the facts alleged, Lord Ellenborough submitted to the jury the question whether the defendant was guilty of negligence in intrusting the gun to a servant of such an age, who under all the circumstances was likely to make such a use of it as a person of greater discretion would not have done; and instructed them that, if they were of opinion that the instrument in such a state ought not to have been intrusted to such a person, the plaintiff would be entitled to their verdict; and the jury returned a verdict for the plaintiff, which the court of king's bench, after argument, refused to set aside. So the English courts have held that one who delivers an article which he knows to be of an explosive and dangerous quality to a carrier, without informing him of its nature, is responsible for any injury resulting to the ship in which it is carried, to other goods carried with it, or to the carrier's servant to whom the delivery is made. *Williams* v. *East India Co.* 3 East, 192. *Brass* v. *Maitland,* 6 El. & Bl. 470. *Farrant* v. *Barnes,* 11 C. B. (N. S.) 553. See also *McDonald* v. *Snelling,* 14 Allen, 290, and cases there cited; *Vaughan* v. *Menlove,* 7 C. & P. 525, and 3 Bing. N. C. 468; *Mayor of Colchester* v. *Brooke,* 7 Q. B. 377; *Longmeid* v. *Holliday,* 6 Exch. 767, 768; *Grizzle* v. *Frost,* 3 Fost. & Finl. 622; *McGrew* v. *Stone,* 53 Penn. State, 436.

The declaration in this case alleges, and the demurrer admits, that the plaintiff was a child of eight years old, had neither experience nor knowledge in the use of gunpowder, and was an unfit person to be intrusted with it; that the defendants, knowing all this, sold and delivered to him two pounds of gunpowder; and that he, in ignorance of its effects and using that care of which he was capable, exploded it, and by the explosion was severely injured. This injury was clearly, within the authorities above cited, the proximate and natural consequence of

the defendants' negligence in selling a dangerous article to a child whom they knew to be, by reason of his youth and ignorance, unfit to be intrusted with it, and who probably therefore, as they had reason to believe, might innocently and ignorantly play with it to his own injury. The case cannot be distinguished in principle from that of a man who delivers a cup of poison to an idiot, or puts a razor into the hand of an infant in its cradle. The want of any direct intention to injure does not excuse the defendants. "Every man must be taken to contemplate the probable consequences of the act he does." By Lord Ellenborough, C. J., in *Townsend* v. *Wathen*, 9 East, 280. It is immaterial whether the defendants had or had not a license from the municipal authorities to sell gunpowder; for no license could protect them from liability for the consequences of selling it to a person whom they knew to be incapable of taking proper care of it. The fact that the defendants by their act of negligence obtained money from the plaintiff certainly does not tend to diminish this liability.

In the cases in which fault on the part of a child, who had not been wanting in the degree of care which could reasonably have been expected from one of his age, has been held to defeat his right to recover damages for an injury resulting to him from another's negligence, either the child was technically a trespasser, unlawfully meddling with the property of another, as in *Hughes* v. *McFie*, 2 H. & C. 744, and *Mangan* v. *Atherton*, Law Rep. 1 Exch. 239; or his parents or other persons having charge of him, with whom he was identified, had been guilty of negligence, without which the injury would not have happened. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Wright* v. *Malden & Melrose Railroad Co.* 4 Allen, 283. *Callahan* v. *Bean*, 9 Allen, 401. *Munger* v. *Tonawanda Railroad Co.* 4 Comst. 349. *Singleton* v. *Eastern Counties Railway Co.* 7 C. B. (N. S.) 287. But, in the case at bar, the declaration alleges that the child used that care of which he was capable; he did not touch the defendants' property, but property which the defendants had negligently and unlawfully sold to him; and there is nothing to show that his parents or guardians had been guilty of any neg-

ligence whatever. Suffering a boy of eight years old to be abroad alone is not necessarily negligent. *Lovett* v. *Salem & South Danvers Railroad Co.* 9 Allen, 557. See also *Munn* v *Reed*, 4 Allen, 431. *Demurrer overruled.*