CASE 109—ACTION TO RECOVER DAMAGES FOR INJURY TO PLAINTIFF FROM THE LOSS OF A SON'S SERVICES—MAY 21.

# Meers v. McDowell.

APPEAL FROM LARUE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

PARENT AND CHILD—NEGLIGENTLY PERMITTING CHILD TO HANDLE LOADED WEAPON—FATHER'S RIGHT OF ACTION FOR LOSS OF CHILD'S SERVICES.

Held:    1. A father who permits his infant son to handle a loaded gun, when from extreme youth or mental weakness or the use of intoxicants, the boy is incompetent to be intrusted with a deadly weapon, is liable for injury to another resulting therefrom, if he knew the danger, or should have known it in the exercise of ordinary care.

2. A father whose infant son is injured by the negligence of another may maintain an action for the injury to him from the loss of the son's services, and the expenses incurred by him in consequence of the son's injury.

OTIS M. MATHER AND CHARLES F. CREAL, FOR APPELLANTS.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellant filed this suit in the Larue Circuit Court. A general demurrer was sustained to the petition, and the action was dismissed.    The sufficiency of the petition is the only question to be determined on the appeal.    The allegations of the petition are as follows:    The plaintiff George M. Meers, is the father of Shelburn Meers, an infant 16 years of age, residing with the plaintiff.    The defendant, Alonzo McDowell, is the father of Ollie McDowell, an infant —————— years of age, of weak and undeveloped mind for a child of his age, and in the custody, and control of his father.    The defendant, notwithstanding his son Ollie was at any time incapable of making proper use of dangerous weapons, negligently permitted him to have in his possession a loaded rifle, and while in possession of the rifle he shot Shelburn Meers, plaintiff's infant son, inflicting upon him injuries which permanently deprived plaintiff of his son's services, of the value of $1,500, and caused expenditures by plaintiff, for nursing, medicine, and medical attention for his son, to the amount of $500.    Defendant's son Ollie was known by him to be wholly incompetent to make proper use of a deadly weapon, and was negligently permitted by him to have and use the rifle; and, while he was in possession of the rifle, defendant recklessly gave to his said son Ollie intoxicating liquor, and the son was under the influence of the liquor at the time of the shooting, which was the result of the defendant's negligence, as stated.

In Dixon v. Bell, 1 Starkie, 287, the declaration alleged that the defendant sent a young maidservant for a loaded gun, that he knew her to be too young and indiscreet to be intrusted with the care and custody of it, and that she carelessly and improperly shot the plaintiff's minor son

with the gun, severely wounding him.    The girl was be-
tween 13 and 14 years of age.    The defendant sent word
by her to the person having the gun to take the priming
out.    This was, done.    She took the gun and presented it
in play at the plaintiff's son, saying she would shoot him,
and drew the trigger.    The gun went off.    Lord Ellen-
borough submitted to the jury the question whether the
defendant was guilty of negligence in intrusting the gun
to a servant of such an age, who, under all the circum-
stances, was likely to make such a use of it as a person
of proper discretion would not have done, and instructed
them that, if the gun ought not to have been intrusted to
such a person, they should find for the plaintiff.    The
jury returned a verdict against the defendant, which was
sustained by the court.    In Carter v. Towne, 98 Mass.,
567 (96 Am. Dec., 682), the defendant sold gunpowder to a
minor of the age of 8 years, whom he knew to be unfit to
be intrusted with it.    The child was injured by an explo-
sion of the powder.    The defendant was held liable.
The court said:    "By the well settled rule of the common
law, a person who negligently uses a dangerous instru-
ment or article, or causes or authorizes its use by another
person in such a manner or under such circumstances
that he has reason to know that it is likely to produce in-
jury, is responsible for the natural and probable conse-
quences of his act to any person injured who is not him-
self in fault.    The liability does not rest on privity of
contract between the parties to the action, but on the
duty of every man so to use his own property as not to
injure the person or property of others."    In Binford v.
Johnson, 82 Ind., 426 (42 Am. Rep., 508), the defendant sold
cartridges for use in a toy pistol to two boys, one aged
10 and the other 12 years, and instructed them how to use

Meers v. McDowell.

the cartridges.    Another boy 6 years old subsequently
picked up the toy pistol containing one of the cartridges,
and shot with it one of the boys who bought them.    The
dealer was held liable for the shooting of the child.    The
court quoted with approval from an English case:    "The
law of England in its care for human life, requires con-
summate caution in the person who deals with dangerous
weapons."    It approved this as also the law in America,
and said:    "A man who places in the hands of a child an
article of a dangerous character, and one likely to cause
injury to the child itself or to others, is guilty of an ac-
tionable wrong.    If a dealer should sell to a child dyna-
mite, or other explosives of a similar character, nobody
would doubt that he had committed a wrong for which he
should answer in case injury resulted.    So, if a druggist
should sell to a child a deadly drug likely to cause harm
to the child or injury to others, he would certainly be
liable to an action."    These cases are approved by the
text writers.    See Cooley, Torts, 594; Bish. Noncont.
Law, section 151; 3 Lawson, Rights, Rem. & Prac., section
1145.    They rest upon the principle that in the use of
firearms, which are necessarily dangerous, all persons are
bound to take care to avoid injury to others in proportion
to the probability of such injury.    If the defendant's
child was, from age or mental weakness or the use of in-
toxicants, incompetent to be intrusted with    a    deadly
weapon, and the defendant knew the danger, or should
have known it in the exercise of reasonable care, he
should not have permitted him to use the loaded rifle.
See note, Chaddock v. Plummer (Mich.) 14 L. R. A., 675
(s. c. 50 N. W., 135).

It will be observed that the action is by the father for
the injury to him from the loss of the son's services, and

the expenses incurred by him in consequence of the son's injury. In several cases this court has sustained actions of this character. Railroad Co. v. Willis, 83 Ky., 57, (4 Am. St. Rep., 124); Railway Co. v. Carroll, 31 S. W., 132, (17 Ky. L. R. 274). Judgment reversed and cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.

---

CASE 110—PETITION FOR REHEARING—MAY 21.