## Guille, Appellant, v. Campbell.

```
|‾ 200      119
 d205     ²264|
| 200      119
  24 SC ¹243
```

*Negligence—Master and servant—Act of servant not within scope of employment.*

Where an injury is caused by a servant in the use of means fairly adapted to accomplish the purpose of his employment, the master is responsible. This is true, even though the act of the servant is wrongful, or unauthorized. But where the act of the servant does not fairly tend to effectuate the discharge of the duty, for which he is employed, the master is not liable.

Where a workman employed to drag bales of cotton from a sidewalk into a warehouse, waves a hook which he was using, at some boys who were playing around the bales as if to frighten them, and the hook slips from his hand and injures a boy who was not on the bales, but was standing on the sidewalk nearby, and who was not trespassing or interfering with the work, the employer of the workmen is not liable to the boy for the injuries sustained.

Argued Jan. 18, 1901. Appeal, No. 222, Jan. T., 1901, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., March T., 1900, No. 376, on verdict for defendants in case of John H. Guille and Michael Farren, Guardian of the Estate of Alfred Joseph Guille v. George Campbell and James D. Blackwood, trading as George Campbell & Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries. Before McMICHAEL, J.

At the trial it appeared that the plaintiff, a boy about twelve years old, was injured on December 21, 1898, by an iron hook which was thrown by, or slipped from, the hands of Patrick Fitzgerald, an employee of the defendant. The circumstances of the accident are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*P. F. Rothermel, Jr.*, with him *Samuel M. Clement, Jr.*, for appellants.—The master is responsible where the act is done in the performance of the duty of the servant: Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 519; Levin v. Second Ave. Traction Co., 194 Pa. 156; Biddle v. Hestonville, etc., Pass. Ry. Co., 112 Pa. 551; Arnold v. Penna. R. R. Co., 115 Pa. 135; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170; McClung v. Dearborne, 134 Pa. 396; Evans v. Davidson, 53 Md. 245; Guinney v. Hand, 153 Pa. 404; Brunner v. Am. Telegraph & Telephone Co., 151 Pa. 447; Schimpf v. Harris, 185 Pa. 46; Quinn v. Shamokin, etc., Electric Ry. Co., 7 Pa. Superior Ct. 19.

*Frank P. Prichard*, with him *James Wilson Bayard*, for appellees.—Where an act complained of cannot be regarded as fairly tending toward the performance of the servant's duties, the master is not liable: Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 519; Towanda Coal Co. v. Heeman, 86 Pa. 418; McClung v. Dearborne, 134 Pa. 396; Rudgeair v. Reading Traction Co., 180 Pa. 333; McKenzie v. McLeod, 10 Bingham, 385; Lyons v. Martin, 8 Adolphus & Ellis, 512; Richards v. West Middlesex Water Works Co., L. R. 15 Q. B. D. 660; Walker v. Southeastern Ry. Co., L. R. 5 C. P. 640; Allen v. London & South Western Ry. Co., L. R. 6 Q. B. 65; Higgins v. Chesapeake, etc., Canal Co., 3 Harrington (Del.), 411; Mali v. Lord, 39 N. Y. 381; Mulligan v. N. Y., etc., Ry. Co., 129 N. Y. 506; Little Miami R. R. Co. v. Wetmore, 19 Ohio, 110; Golden v. Newbrand, 52 Iowa, 59; Marion v. R. R. Co., 59 Iowa, 428; Dolan v. Hubinger, 109 Iowa, 408; Georgia R. R. & Banking Co. v. Wood, 21 S. E. Repr. 288.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

Where an injury is caused by a servant in the use of means fairly adapted to accomplish the purpose of his employment, the master is responsible. This is true, even though the act of the servant is wrongful, or unauthorized. But where the act of the servant does not fairly tend to effectuate the discharge of the duty, for which he is employed, the master is not liable.

In the present case, Fitzgerald, the servant of the appellees, was employed to drag bales of cotton from the sidewalk into the warehouse. A short iron hook was given him for use in handling the bales. While coming out from the warehouse, Fitzgerald saw some boys playing on and around the bales. He made a motion as if to throw the hook at them, in order to frighten them; the hook slipped from his hand, and struck Alfred Guille in the eye, destroying the sight. This boy who was injured was not on the bales, but was standing on the sidewalk near by. There was no evidence that he was making any attempt to trespass upon the property of the appellees, or to interfere therewith in any manner. Neither does it appear that there was any malice upon the part of Fitzgerald; but, even if there was, the master would not be relieved of responsibility, if the act was done in the line of duty, for which the servant was employed. The test then is:

1. What purpose did Fitzgerald intend to accomplish by the act which caused the injury?

2. Was this purpose a matter of his own, or was it part of his employment?

The act causing the injury was the waving by Fitzgerald of the iron hook, and allowing it to slip from his hand. His purpose was manifestly to frighten the boys, and drive them away from the bales. But, at the time, it does not appear that any of the boys were in any way obstructing Fitzgerald, or interfering with him in the accomplishment of his work. The boy was struck with the iron hook which had been given to Fitzgerald to use in pulling the bales around, but this use of the hook in converting it into a missile, was entirely foreign to that for which it was intended by the master, in giving it to the servant. The accident occurred while Fitzgerald was walking from the warehouse, out to the bales. But, suppose for the purpose of illustration, that Fitzgerald had been sent from the office to drag in the bales at a point a few blocks distant, and, while upon the way thither, had met a crowd of boys upon the sidewalk, and had waved the hook at them, to clear a passageway for himself. If, under such circumstances, the hook had slipped from his hands, striking a boy standing at one side, surely it would not be contended that his employer was responsible for that act; so here, we are not able to say that the

act causing the injury was done in carrying out the duty to which the servant was assigned. His duty was simply to lay hold of the bales, and drag them one by one from the sidewalk into the warehouse. In performing this duty, he used the hook to grapple more securely with the bale, and this was the only use for which it was intended, or for which it was supplied by the master. The request to drag the bales of cotton from the sidewalk, cannot be held to imply authority to injure a boy standing on the sidewalk looking on at the work. The act of violence by which the injury was occasioned was not done in execution of the authority given, but was quite beyond it, and must be regarded as the unauthorized act of the servant, for which he himself, and not the defendants, must be answerable. Whether this action was simply careless, or whether it was malicious, it was his own; and was not incident to the authority granted. The facts of the case are undisputed; the deviation from the line of the servant's duty was in this case, we think, sufficiently marked, to justify the learned trial judge in determining as a matter of law, that the servant was not doing the business of the master in the performance of the act causing the injury.

The assignments of error are all overruled, and the judgment is affirmed.