JOHN G. PETSEL, APPELLEE, v. THEODORE STRENGER, APPELLANT.

FILED APRIL 17, 1914. No. 17,579.

Appeal: CONFLICTING EVIDENCE. A verdict rendered on substantially con- flicting evidence and approved by the trial court will not be disturbed on appeal, unless manifestly wrong.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*A. M. Morrissey* and *Walcott & Walcott,* for appellant.

*Arthur F. Mullen* and *Lear & Lear, contra.*

FAWCETT, J.

This action was instituted in the district court for Keya Paha county, by plaintiff as next friend for his minor daughter, Evelyn Petsel. The petition alleges that Percy Strenger is the son of defendant, and at the time complained of, viz., May 27, 1909, was about 12 years of age, and was living at home with his father; that about a year prior to that date the defendant carelessly and negligently purchased and gave to his said minor son a 22-caliber Savage rifle, which the boy was in the habit of using in a careless and negligent manner, so as to endanger the lives and property of persons about him, "all of which facts were well known to the defendant, who encouraged, countenanced and consented to his carrying said gun and using it in said careless and negligent manner;" that, on the date named, "the said Percy Strenger carelessly and negligently fired upon the said Evelyn Petsel with the said rifle so furnished him by the defendant;" that the ball so fired from the rifle struck Evelyn in the knee, piercing the same to the bone of the joint, and lodging against the bone; that, as a result, Evelyn has been permanently injured and cripped for life, etc., to her damage in the sum of $2,000. The answer was a general denial. Plain-

tiff recovered a verdict for the sum of $500, upon which judgment was rendered, and defendant appeals.

The "errors relied on" are three in number: (1) That the court erred in overruling defendant's motion to instruct the jury to return a verdict for the defendant, at the close of plaintiff's case in chief; (2) that the verdict is not sustained by sufficient evidence; (3) that the verdict is contrary to law. An examination of the record before us shows that the first and third assignments must stand or fall with the second. Defendant invokes the rule of the common law as to the nonliability of a father in damages for the tort of his child, and cites authorities from several states supporting the rule. The rule as announced in the authorities cited is conceded by counsel for plaintiff to be sound; but they cite a number of authorities showing the exception to the rule. "By the well-settled rule of the common law, a person who negligently uses a dangerous instrument or article, or causes or authorizes its use by another person, in such a manner or under such circumstances that he has reason to know that it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured, who is not himself in fault." *Carter v. Towne,* 98 Mass. 567. "A father who permits his infant son to handle a loaded gun, when, from extreme youth or mental weakness or the use of intoxicants, the boy is incompetent to be entrusted with a deadly weapon, is liable for injury to another resulting therefrom, if he knew the danger, or should have known it in the exercise of ordinary care." *Meers v. McDowell,* 110 Ky. 926, 53 L. R. A. 789. The rule thus stated is the one that applies to the facts in this case.

The evidence in the record before us is conflicting. Defendant, his wife, and the boy Percy all testify very strongly that the boy was prohibited by the father from ever using the gun except when the father was present, while a number of witnesses for the plaintiff testify to the habitual use of the gun by the boy, both on the defendant's premises and upon the street, and to the fact that he ha-

bitually used the gun carelessly and negligently. It is shown that on one occasion he shot a dog belonging to a Dr. Keys; that on one or two, other occasions bullets from the boy's gun passed near enough to other parties for them to hear the "whiz" of the same; that the defendant's attention was called to some of these circumstances. In short, the evidence is of such a character that the case is one peculiarly for the jury. Most of the witnesses were upon the witness-stand. The jury and the trial court saw and heard them testify. They were therefore in a position to determine whom to believe. The jury by their verdict discredited the evidence offered by defendant, and accepted that offered by plaintiff. The trial court has ratified their finding by entering judgment upon the verdict. While from the cold record before us we entertain some doubt as to the correctness of the verdict, we cannot say that it was manifestly wrong. It must therefore be sustained.

This being true, the trial court did not err in refusing to direct a verdict for the defendant, nor is the verdict contrary to law.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.