Tshudy, Appellant, *v.* Hubbs Stores Corporation.

Argued January 9, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Truman D. Wade,* with him *Robert C. Walden,* for appellant.

*Ward C. Henry,* for appellee, was not heard.

PER CURIAM, February 1, 1933:

Plaintiff appeals from the refusal of the court below to lift a compulsory nonsuit granted in an action of trespass of which the facts were as follows: Plaintiff entered defendant's store to make a purchase, and sig-

nified his intention of doing so by touching the manager on the back. The latter was in a stooping position with his back toward plaintiff, and engaged at the time in trimming lettuce with a knife. Before serving the customer, for some unexplained reason the manager half turned and raised the instrument as if to throw it at plaintiff. The knife slipped or flew out of his hand, striking plaintiff on the knee, inflicting a small wound which subsequently became infected, causing serious injury to the knee joint. There was no evidence of ill-feeling existing between plaintiff and defendant's manager; on the contrary, they were well acquainted with each other and "perfectly friendly." We find nothing in the record to indicate the knife was thrown intentionally.

It is obvious the lower court was right in entering a nonsuit on these facts. The act of defendant's employee in raising a knife as though to throw it at the prospective customer was clearly not within the scope of his employment and no recovery can be predicated upon the results flowing from this negligent act. There is nothing in the evidence to support appellant's theory that the manager of the store was merely preparing to put the knife aside in order to be free to attend to the customer's wishes. Plaintiff testified that defendant's employee "made a motion to throw the knife at me" and no facts were introduced which would lend weight to the theory advanced now.

This case is ruled by Guille v. Campbell, 200 Pa. 119, and we may appropriately repeat what was there said at page 122: "The act of violence by which the injury was occasioned was not done in execution of the authority given, but was quite beyond it, and must be regarded as the unauthorized act of the servant, for which he himself, and not the defendants, must be answerable. Whether this action was simply careless, or whether it was malicious, it was his own, and was not incident to the authority granted."

The judgment is affirmed.