**Arthur Herbert SMITH'S ADM'R (Harve Smith), Appellant,**

v.

**J. S. CORDER et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1956.

Fritz Krueger, W. R. Jones, Somerset, Homer W. Ramsey, Whitley City, Allen Prewitt, Frankfort, for appellant.

Ben D. Smith, Somerset, for appellees.

STANLEY, Commissioner.

J. Sherman Corder shot and killed Arthur H. Smith. A judgment of voluntary manslaughter was affirmed. Corder v. Commonwealth, Ky., 278 S.W.2d 77. This is an action by Smith's administrator against Corder and the Stearns Coal and Lumber Company, his employer, to recover damages for Smith's wrongful death.

The court dismissed the complaint as against the Stearns Company on the ground that it stated no cause of action and continued the case against Corder. The plaintiff's appeal improperly includes Corder as an appellee.

The basis of the suit against the Stearns Company is novel. It is that the defendant procured the appointment by the Governor of Corder as its special local peace officer under the terms of KRS 61.360, having knowledge that Corder was "a man of violent and dangerous disposition who drank intoxicants very heavily and frequently"; that he was "especially dangerous and violent" when "under the influence

of liquor" and that before he was commissioned as a special police officer he had "committed numerous and sundry acts of violence to the persons of numerous citizens, including the taking of at least one life." The complaint further charges that the defendant knew of Corder's habit of leaving its premises during the hours of his employment and getting drunk, in the course of which period and condition he continued to exercise his violent and dangerous propensities. The company knew that by reason of his employment Corder carried one or more deadly weapons on his person and by reason of all those conditions he shot and killed Smith.

In describing the circumstances, the complaint states that while returning to the defendant's premises during the hours of his employment from "one of his drunken forays to the Kentucky-Tennessee state line," Corder wilfully and wantonly shot and killed Smith at Pine Knot, which is a village about four miles from the company's plant. The circumstances of the homicide, which were peculiar, are more fully related in the opinion of Corder v. Commonwealth, supra. Thus, it is shown that the act of killing had no relation whatever to Corder's employment by the defendant company except the mere fact that his commission by the Governor as a limited police officer authorized him to carry a pistol in the discharge of his official duties. KRS 435.230.

The appellant contends that the defendant was negligent and is liable because it procured Corder's appointment as a police officer with knowledge of his dangerous qualities, and placed it within his power to commit the act of killing, which, in principle, it is argued, is like the act of a person harboring and permitting a wild and dangerous beast to escape and run at large or like placing an automobile in the possession of one with notice of his incompetency to drive it. The ground, it is submitted, is personal fault in the negligent initiation of a situation or condition calculated to harm others. To underline the point, the appellant expressly disavows any claim of defendant's liability on the ground of imputed fault resting on Corder's agency or under the doctrine of respondeat superior.

■■ There are varied conditions under which a person who authorizes the use by another of a dangerous instrumentality in such manner or under such circumstances that he has reason to know that it is likely to produce injury is legally responsible for the natural and probable consequences of his act. Usually the relationship of principal and agent or master and servant is present, and if the shooting of a person by a private guard or special police is involved, it must be shown to have been within the scope of the duties of his employment. Robards v. P. Bannon Sewer Pipe Co., 130 Ky. 380, 113 S.W. 429, 18 L.R.A.,N.S., 923, 132 Am.St.Rep. 394. The courts have generally refused to hold an employer liable for injury inflicted by a servant with a firearm merely upon the ground of having intrusted him with a dangerous instrumentality. 35 Am.Jur., Master and Servant, Sec. 576. In the present case, the appellant argues that as a practical matter the defendant armed its plant policeman and turned him loose on the public. We have held a father who permits his child to have possession of a loaded gun, when from extreme youth or mental weakness or the use of intoxicants the boy is incompetent to be intrusted with a deadly weapon, is liable for injury to another resulting therefrom if the father knew the danger or should have known it in the exercise of ordinary care. Meers v. McDowell, 110 Ky. 926, 62 S.W. 1013, 53 L.R.A. 789, 96 Am.St.Rep. 475. Presumably the boy would not have had access to the gun unless the parent permitted it. But the defendant, Corder, like any other person, had the legal right under any circumstances to carry a pistol so long as it was not concealed on or about his person. KRS 435.230

The statute authorizes the Governor, upon application of the owner of property, to appoint special local police officers "to preserve the peace and protect the property of any person from waste or destruction"

and provides that the duties of the officer "shall be confined to the premises" except while in pursuit of a person fleeing from the property after committing an act of violence or destruction. The procurement of Corder's appointment by the Governor had nothing whatever to do with his killing Smith. His jurisdiction as an officer was confined to the company's premises. KRS 61.360.

In Estes v. Gibson, Ky., 257 S.W.2d 604, 607, 36 A.L.R.2d 729, we considered with some fullness the question of legal responsibility for intrusting an· automobile as a potentially dangerous instrumentality to an incompetent driver. The case involved the question of liability of a mother who had given an automobile to her son, allegedly known by her to be an inebriate and drug addict. The conclusion of the court was that she was not liable, for in order to impose legal liability upon one who at most must be regarded as secondarily liable for a tort, "there must always be a reasonably close causal connection between an act and the resulting injury." Or, the act must have been "with the foreseeable and probable consequences that he will hurt somebody".

▮ If, arguendo, it be regarded as negligence to have procured the appointment of a person of the characteristics attributed to Corder to be a police officer with authority to go armed when on duty, the consequences in this case are too remote to impose liability therefor. The law does not charge a person with all the possible consequences of a negligent act. Negligence carries with it liability for consequences, which, in the light of the attendant circumstances, should reasonably have been anticipated by a prudent man but not for casualties which, although possible, were wholly improbable. "Where no danger exists in a condition which merely made it possible for an injury to happen through some independent, unrelated and efficient cause, the condition cannot be held as the proximate cause." Morton's Adm'r v. Kentucky-Tennessee Light & Power Co., 282 Ky. 174, 138 S.W.2d 345, 349. As

in Estes v. Gibson, supra, there were too many intervening inconsequent events and imponderable facts to attach legal liability for the homicide upon the defendant company.

The appeal as against 'Corder is dismissed.

The judgment dismissing the complaint against the Stearns Coal and Lumber Company is affirmed.