Lillian WESLEY and Richard Vincent, Appellants,

v.

Kathy Louise PAGE and Maggie B. Page et al., Appellees.

Court of Appeals of Kentucky.

June 14, 1974.

As Modified on Denial of Rehearing Oct. 4, 1974.

Gary B. Houston, Waller, Threlkeld & Whitlow, Paducah, for appellants.

George Lucien, Drury, II, J. D. Ruark, J. Quentin Wesley, Morganfield, for appellees.

CATINNA, Commissioner.

On February 13, 1969, the choral class of the Union County High School presented the play "Little Abner." Mrs. Lillian Wesley, choral class teacher, directed and produced the play in which seventy to seventy-five students participated. The play's script called for the three "Skaggs brothers" to shoot at a "little old lady" as she fled across the stage. Kathy Louise Page was the "little old lady," while Jerry Hen-

drickson, Larry Hogan, and Robert Omer were the three "Skaggs brothers."

The play proceeded according to script on the night of the public presentation; however, when the three "Skaggs brothers" shot at the "little old lady," she was wounded by a projectile, described as a cylindrical object, 2½ to 3 inches in total length, that consisted of a plastic shotgun wad and a length of tightly rolled newsprint.

Kathy and her mother filed this action against Lillian Wesley; Richard Vincent, the principal; Otha Edwards, the acting county superintendent; the Union County Board of Education; and Jerry Hendrickson, Larry Hogan, and Robert Omer, the "Skaggs brothers." The court dismissed the claim against the Union County Board of Education and peremptorily instructed the jury to find for Otha Edwards. The claim was submitted to the jury upon instructions which allowed it to find against all or any of the remaining defendants and to determine the percentage of causation attributable to each defendant's negligence. The jury found for Maggie (Page) Adams in the amount of $1,070.10 and Kathy Louise Page in the amount of $15,000, with the awards to be prorated 50% against Lillian Wesley and 50% against Richard Vincent.

Lillian Wesley and Richard Vincent moved for a directed verdict at the close of the plaintiffs' evidence and again at the close of all the evidence. Finally, they moved for the entry of a judgment n.o.v., or, in the alternative, for a new trial. Each motion was overruled, and they appeal.

The negligence of Lillian Wesley resulted from her failure to exercise any control or supervision over the use of the shotguns and live ammunition as a part of the play, while the negligence of Richard Vincent, if any, was in his failure to caution the boys concerning their use of guns on the school property.

Lillian Wesley testified that before they commenced practice and at the time it was decided to use shotguns and live ammunition she specifically instructed the boys regarding the preparation of the ammunition. They were to remove the shot, wadding, and the powder from the shells so that the only noise produced would be from the detonation of the primer. However, she admits that at no time in the course of practice or on the night of the play did she in any way supervise the preparation of the live ammunition that was to be used in the shotguns fired by the boys. Furthermore, she did not inspect the ammunition after it had been prepared. She did not at any time examine the guns, either before or after they were loaded, on the night of rehearsal or on the night of the play. The entire procedure to be employed by the boys in shooting the "little old lady" was left to their own imagination.

The boys testified that their instructions were confined to directions from Lillian Wesley to bring a gun and make a loud noise; that no orders were given concerning the preparation of the ammunition to be used, nor was the ammunition, as prepared, inspected; and at no time did anyone ever inspect the loading of the guns or the manner and method in which they were to be used.

Jerry Hendrickson testified that in an effort to make the loud noise required by the script and requested by Lillian Wesley, he rolled up newsprint and stuck it in the ends of the shells after the shot had been removed. It is admitted that Kathy was injured by a projectile of the type prepared and used by Jerry Hendrickson. In fact, the immediate cause of the injury sustained by Kathy was this deliberate act on the part of Jerry.

■ The record shows that Lillian Wesley exercised absolutely no control or supervision over the activities of the boys. The use of a weapon, such as a shotgun, in a school play where the cast is composed of teenagers who are both adventuresome and daring is in itself a highly questionable procedure. When we add to this use live ammunition, there is created an extremely dangerous situation which requires extraordinary care on the part of the teacher supervising the play. The very adventuresome nature of teenagers leads to experimentation and should place a teacher on notice that he can look forward not only to the expected but also to the unexpected. Under these circumstances, Lillian Wesley was required to foresee the events which resulted in the injury to Kathy. Her negligence was a substantial contributing factor to Kathy's injury. Meers v. McDowell, 110 Ky. 926, 62 S.W. 1013 (1901); Nunan v. Bennett, 184 Ky. 591, 212 S.W. 570 (1919); Cooley on Torts, Vol. 3, Section 425, page 152. Cf. Restatement of Torts 2d, Sections 302A, 302B, and 390.

■ Richard Vincent had delegated to Lillian Wesley the direction of the play. He testified that he usually cautioned students in regard to the bringing of firearms onto school premises but admitted that in this instance he failed to caution the boys but relied upon Lillian Wesley to perform this duty. On the night of the play, he was at Murray State University attending a class. In light of the circumstances, there is nothing in the record showing the violation of any duty owed by Vincent to any of the parties involved. His motion for a directed verdict should have been sustained, as well as his motion for judgment n.o.v.

■ The verdict of the jury and the judgment entered thereon were several. Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137 (1965); Cox v. Cooper, Ky., 510 S.W.2d 530, decided May 31, 1974; Corum Hauling, Inc. v. Tilford, Ky., 511 S.W.2d 220, decided June 28, 1974.

The results reached in this case may have some appearance of constituting a miscarriage of justice. However, if there

was any such miscarriage, it was brought about by the action of the jury when it found for Jerry Hendrickson.

The judgment as to Lillian Wesley is affirmed; the judgment against Richard Vincent is reversed with directions that a new judgment be entered dismissing the complaint.

All concur.

STEINFELD, Justice (concurring).

I concur in the result reached by the opinion of the court. However, I would hold that appellant Lillian Wesley violated her duty by authorizing the children to use firearms loaded with ammunition, even though of the blank type, in a school play. See 78 C.J.S. Schools and School Districts § 238 c, and Cox v. Barnes, Ky., 469 S.W. 2d 61 (1971).