## Reed *v.* Bennett et al., Appellants.

*Negligence — Automobiles — Master and servant — Employer's business—Business and pleasure—Case for jury.*

1. In an action against a dealer in automobiles for personal injuries, the question as to whether the driver of the automobile which caused the injury was engaged in his employer's business at the time of the accident, is for the jury where it appears that the driver was sent out with a prospective purchaser to ascertain the condition of the car, and to demonstrate its condition to the pur-.chaser.

2. In such case, where no specific instructions were given by the owner as to the time and manner of demonstration and the route to be traveled, the mere fact that the owner's driver and the purchaser chose such time out of business hours, and such route as would enable them to some extent to combine business and pleasure, was not necessarily inconsistent with the purpose for which the car was placed under the control of the driver.

Argued September 30, 1924. Appeal, No. 48, Oct. T., 1924, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 296, on verdict for plaintiff, in case of I. B. Reed v. Louis Bennett and Solomon Bennett, copartners trading as Bennett Brothers. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v.

*Arthur O. Fording,* with him *T. Fred Mercer, C. F. Patterson* and *Ben Paul Brasley,* for appellants.—The facts that the car was the property of the defendants,

and that it was driven by their employee, did not make them liable. It must yet be shown that the car was in and about defendants' business: Lotz v. Hanlon, 217 Pa. 339; Scheel v. Shaw, 252 Pa. 451; Curran v. Lorch, 243 Pa. 247; Solomon v. Trust Co., 256 Pa. 55; Farbo v. Caskey, 272 Pa. 573; Markle v. Perot, 273 Pa. 4; Treon v. Shipman, 275 Pa. 246.

The fact that defendants loaned their employee for this very purpose did not make them liable, since they did not retain the control: Dunmore v. Padden, 262 Pa. 436.

, The fact that defendants had full knowledge of what was going on did not make them liable; so long as they did not retain control of the experiment: Beatty v. Firestone, 263 Pa. 271; Scheel v. Shaw, 252 Pa. 451; Parker v. Motor Car Co., 241 Pa. 461; Luckett v. Reighard, 248 Pa. 24; Connor v. R. R., 24 Pa. Superior Ct. 241.

*O. K. Eaton,* with him *R. P. Marshall,* for appellee.— Under the evidence the case was for the jury: Reed v. Bennett, 276 Pa. 107; Luckett v. Reighard, 248 Pa. 24; Parker v. Motor Car Co., 241 Pa. 461; Raub v. Donn, 254 Pa. 203; Curran v. Lorch, 243 Pa. 247; Witte v. Motor Co., 244 Pa. 172; McDermott v. Ice Co., 44 Pa. Superior Ct. 445; Murray v. Frick, 277 Pa. 190.

OPINION BY MR. JUSTICE FRAZER, November 24, 1924:

Plaintiff sued to recover for damage to his automobile and for personal injuries sustained in a collision with a car driven by one of defendant's employees. On appeal to this court by defendants from a verdict and judgment entered on a former trial, the judgment was reversed with a new venire (276 Pa. 107). At the second trial a verdict was again rendered in plaintiff's favor and, upon judgment being entered thereon, this appeal followed. The latter verdict of the jury established that the accident was due to the negligence of the driver of defend-

ants' car and the question raised on this appeal is whether the driver, at the time of the accident, was engaged in the business of his employer or whether he was using the car for his personal benefit or pleasure.

Defendants were engaged in the business of buying and selling second-hand automobiles. One of their employees, a repairman, named Lyda, took to his home from defendants' garage, with their consent, the car in use at the time of the accident, under an agreement that he would make necessary repairs, and, after having put the machine in proper condition and tested it to his satisfaction, would purchase it on the installment plan at an agreed upon price, on account of which purchase, he made, or would make, a cash deposit of $25. After having completed the repairs he deemed necessary, he informed Louis Bennett, one of the defendants, of his desire to take the automobile for the purpose of testing its condition and requested permission to use a set of defendants' dealer's license plates while making the test. Bennett informed Lyda he was not in condition to drive a car at the time and refused him the use of the plates, but directed George Seibert, another employee, whose duties consisted of demonstrating and assisting in repairing cars, to take the license plates, accompany Lyda, drive the car, and determine whether or not it was in satisfactory running order. It was then arranged the car should be tried out by the two men that evening after the close of work-hours. The accident occurred near midnight while they were returning home after having driven the car a number of miles and for a considerable time.

The trial judge left to the jury to say whether Seibert, who was driving the car, was actually performing duties connected with his employment at the time of the accident, with further instruction that if he was then engaged on an errand of his own or driving for his personal pleasure or convenience and not for the purpose of testing and demonstrating the car, there could be no re-

covery.   At the close of the charge, the court inquired of counsel whether there was anything further they desired to have called to the attention of the jury, whereupon counsel for defendants requested that the jury be instructed that if Seibert at the time was engaged in driving Lyda for the latter's business or pleasure the verdict should be for defendants.   This request was complied with and the jury so instructed.

Under the circumstances, adduced by the testimony, the question involved was properly left to the jury in a fair and adequate charge.   The case is not one where an employee, whose duty is to drive to a particular locality or go on a specific errand, turns aside from such errand and drives a different direction or to another place on business or pleasure of his own.   The instructions to Seibert here did not require him to drive to a definite locality but to test and demonstrate the car and determine its fitness to sell and whether its condition was satisfactory to Lyda, the intending purchaser.   Nothing was said nor instruction given as to the extent of the demonstration, the time during which the car was to be driven or the direction in which they were to drive.   It was mutually understood and agreed that the demonstration should take place in the evening, this being the time best suited to the convenience of both Lyda and Seibert.   There is ample evidence to sustain a finding that the purpose for which the car was driven was to ascertain its condition after the repairs were completed and at the same time demonstrate it to an intending purchaser and in the absence of specific instructions from the owners as to the time and manner of demonstration and the route to be traveled, the mere fact that defendants' employee and purchaser chose such time and route as would enable them, to some extent, to combine business and pleasure, was not necessarily inconsistent with the purpose for which the car was placed under the control of Seibert: Parker v. Matheson Co., 241 Pa. 461.   It is not unusual, in the automobile business, to demonstrate

cars out of regular business hours to suit the convenience of prospective purchasers.

The case was for the jury and there was no error in the manner in which it was submitted.

The judgment is affirmed.