Vadyak et al., Appellants, *v.* Lehigh & New England Railroad Company.

Argued April 18, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. E. Hurshman,* with him *John J. Dobosh* and *Frank X. York,* for appellants.

*George P. Orlady,* with him *Ben Branch* and *William Jay Turner,* for appellee.

PER CURIAM, June 29, 1935:

Plaintiffs appeal from judgment non obstante veredicto entered by the court below for defendant in an action of trespass to recover damages for personal injuries sustained by Joseph Vadyak, the nine-year-old son of Harry and Mary Vadyak. This distressing accident occurred at noon on June 26, 1933. The minor plaintiff, a trespasser, had gone upon the railroad company's right-of-way for the purpose of gathering discarded railroad ties. He was walking toward his home on a path alongside and close to defendant's railroad tracks at the time defendant's engine, running backward at the head of thirty loaded coal cars, came by. As the locomotive was passing the boy, the engineer caused steam to be discharged from the cylinder cocks, frightening the lad, who started to run. Blinded by the vapors, the boy stepped into a depression in the path and fell in such a manner that his left leg was thrown under the car wheels and crushed, rendering necessary an amputation below the knee. At the time of the accident, the train was drifting, using no power, the air brakes being sufficient to control the speed. The jury found that the engineer of defendant company, in control of operation of the engine, wilfully and wantonly discharged steam on the minor plaintiff, thus causing the accident, and awarded verdicts to plaintiffs. On motion for judgment non obstante veredicto, however, the court held the act of the engineer was not within the scope of his employment, consequently defendant was entitled to judgment, which was entered in its favor.

This judgment must be sustained. There is no suggestion anywhere on the record that it was a necessary part of the engineer's duty at the time to open the engine's cylinder cocks and discharge steam upon the minor plaintiff; the whole implication of the evidence is that he released the steam upon the child in a spirit of mischief, as he had done a short time before in passing two other groups of children, and though this was done in the

course of his employment, it was not within the *scope* of his employment. It was not an act the performance of which at that time and place was shown to be in any way in furtherance of the employer's business, but was done by the engineer on his own account, and the trial judge properly found, as a matter of law, that, the act being solely a personal one of the engineer, outside the scope of his duty, the railroad company could not be held responsible for damages: Restatement of Law of Agency, volume 1, sections 235, 238, pages 529, 534; 18 R. C. L., section 256, page 800; Guille v. Campbell, 200 Pa. 119; Tshudy v. Hubbs Stores Corp., 310 Pa. 285.

Judgment affirmed.