Chamberlain et al., Appellants, *v.* Riddle.

Argued April 26, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*Edmund K. Trent,* for appellants.

*Robert M. McWade,* for appellee.

OPINION BY JAMES, J.; July 15, 1944:

Plaintiffs appeal from an order refusing to lift a non-suit in an action for personal injuries sustained on April 28, 1942. Minor plaintiff, on a bicycle, was struck and injured by an automobile owned by defendant and operated by Charles Strasser, a six-foot four-inch youth of eighteen, who had no operator's license. Defendant was not present at the time of the accident. The court below was of opinion that plaintiffs failed to show either that Strasser was defendant's servant or that defendant had any control, actual or potential, over the operation of the car at the time of the accident, and that, under the circumstances, the fact that Strasser had no operator's license did not furnish a legal basis of liability.

Viewed in the light most favorable to the appellants, the facts were briefly these. Strasser, after washing cars for his brother for about a year, hired the wash rack at Dunkle's Esso Service Station on Fifth Avenue and Ferree Street in the city of Coraopolis and solicited his own customers. On the day of the accident he offered to wash appellee's car. He had waxed appellee's car before, besides washing the cars of some of his friends. Appellee delivered possession of the car to Strasser in front of appellee's place of business at Fourth Avenue and Thorn Street with the understanding that Strasser would drive directly to the Esso Service Station, wash the car and then return it to appellee. Instead of driving east on Fifth Avenue to the wash rack, he drove south to his home on Seventh Avenue, picked up some friends whom he drove to school and

after reaching a point three blocks south and a block west of the wash rack, he turned south for three more blocks for the purpose of soliciting another job. The accident happened while he was on the way to the place of this prospective customer, and while he was traveling not only off the direct route to the wash rack, but in an entirely different direction from it.

"In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove, in some adequate manner, not only that defendant was the owner of the car, and the driver his servant, but that such servant was at the time engaged in the master's business." *Martin v. Lipschitz,* 299 Pa. 211, 149 A. 168; *Lotz v. Hanlon,* 217 Pa. 339, 66 A. 525; *Scheel v. Shaw,* 252 Pa. 451, 97 A. 685.

The burden of proof was on appellants to show that Strasser was a servant and acting within the scope of his employment: *Luckett v. Reighard,* 248 Pa. 24, 93 A. 773; *Curran v. Lorch,* 243 Pa. 247, 90 A. 62. They failed to meet this burden. Strasser was hired to do an isolated job which did not involve any operation of the car beyond taking it to the wash rack and returning it to appellee's place of employment, which distinguishes this case from *Reed v. Bennett,* 281 Pa. 332, 126 A. 764; *Welsh v. Feyka,* 119 Pa. Superior Ct. 44, 179 A. 810, where automobile salesman, one, demonstrating a car and the other soliciting a prospective purchaser, were permitted to serve their own interests at the same time. And even if Strasser were considered an agent rather than an independent contractor, he had clearly departed from the scope of his employment and was engaged on a mission of his own: *Gittelman v. Hoover Co.,* 337 Pa. 242, 10 A. (2d) 411; *Solomon v. Commonwealth Trust Co.,* 256 Pa. 55, 100 A. 534; *Myers v. Strousse,* 94 Pa. Superior Ct. 440, (see *Chikowska v. Prado Garage,* 349 Pa. 508. The length of the trip and the extent of the digression show an independent journey recognized even

by the case upon which appellants rely: *Blaker v. Philadelphia Electric Co.*, 60 Pa. Superior Ct. 56. Where the facts are undisputed, the question whether or not the act of a servant is within the scope of his employment is for the court: *Guille v. Campbell*, 200 Pa. 119, 49 A. 938; *Vadyak v. L. and N. E. Railroad Co.*, 318 Pa. 580, 179 A. 435. In determining the question, the lower court, in our opinion, reached the correct conclusion.

Nor do we think liability can be imposed on the basis of the fact that appellee entrusted his automobile to an unlicensed driver. Strasser's learner's permit had expired. He was old enough to have an operator's license and there was nothing to indicate to appellee that he was an incompetent operator or that appellee had any knowledge that he had no license. The Motor Vehicle Code (1929, May 1, P. L. 905, Art. VI §601, 75 PS §161) forbids any person without a license or a learner's permit to operate a motor vehicle upon a highway, and section 622 (75 PS 233) provides: "No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this Act. Any person violating any of the provisions of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine ......" An automobile is not regarded as a dangerous instrumentality and although it is negligence to lend an automobile to one who is known to be an incompetent driver, (*Raub v. Donn*, 254 Pa. 203, 98 A. 861) or knowingly permit a boy under the age of sixteen to operate, (*Laubach v. Colley*, 283 Pa. 366, 129 A. 88) the failure to secure a license is not conclusive evidence of incompetence: *Lloyd v. Noakes*, 96 Pa. Superior Ct. 164. Even if we were to assume that in permitting Strasser to operate his car, appellee was guilty of a violation of the penal provision of the Code, there is nothing to show that the violation was the proximate cause of minor appellant's injury.

In some states the owner is considered negligent, per se, when permission to operate a car is given to a person forbidden by law, if harm ensues from the carelessness of the operator, but in this state it has generally been held that a violation of a statute will allow a recovery by the plaintiff "only where such violation was the proximate or an efficient or 'legal' cause of the accident —that is, in the language of the Restatement—Torts— when the actor's conduct was 'a substantial factor in bringing about the harm' (Sec., 431, and Pennsylvania Annotations—See Murphy v. Neely, 319 Pa. 437, 179 A. 439)." *Purol Inc. v. Great East. Syst. Inc.,* 130 Pa. Superior Ct. 341, 197 A. 543, See cases therein cited.

If the record had shown any circumstances sufficient to acquaint a reasonably prudent person of some incompetence on the part of Strasser, then the fact that Strasser was unlicensed would have been some evidence of negligence to go to the jury together with the other testimony: *Lloyd v. Noakes,* supra. However, appellants have failed to produce any. And in our opinion proof merely that Strasser had no license is insufficient to show that appellee was negligent in letting him have his car. We would not impose a duty upon an owner to see the license card of an apparently mature and competent person before entrusting his car to him.

The order refusing to take off the nonsuit is affirmed.