## Lloyd et al. v. Sherman et al.

*Shettig & Swope*, for plaintiffs.
*W. Stephens Mayer* and *Bruce A. Sciotto*, for petitioning defendants.

McCANN, P. J., August 17, 1944.—In each of the above-stated cases two of the defendants, Oscar F. Sherman and Olga L. Sherman, petitioned the court to dismiss the action. There is no dispute as to facts and the situation as respects these petitioners is the same in all three cases.

Each of the plaintiffs sued defendants, Oscar F. Sherman and Olga L. Sherman, together with George J. Reighard, Jr., William E. Lloyd being joined as a defendant in the action by Anna Horton.

These actions grow out of an automobile accident caused by a collision between two cars. One of the cars involved was owned and driven by William E. Lloyd, and the other two plaintiffs were passengers in this car. The other car figuring in the accident was owned by Oscar F. Sherman and Olga L. Sherman and driven by George J. Reighard, Jr. The statements of claim in each case averred that Reighard, in driving the Sherman car, acted as the employe or agent of the Shermans.

The Shermans filed affidavits of defense denying that Reighard acted as their agent in driving the car at the time of the accident, and averred that he was using the car without the knowledge or permission of the Shermans.

It appears that the Sherman automobile was insured against personal injuries and property damage by Connecticut Indemnity Company, and that after the above-stated actions were at issue said company instituted proceedings in the District Court of the United States for the Western District of Pennsylvania under the Federal Declaratory Judgment Act for the purpose of having its liability under the policy for the claims of these plaintiffs determined. The Shermans, Reighard, and the several plaintiffs were made parties to said proceeding.

By stipulation filed in this court in the several actions above, it was agreed that trial of said actions be

deferred until after final disposition of the declaratory judgment proceedings. The several plaintiffs in the present actions appeared in said declaratory judgment proceeding and filed answers therein.

The pleadings in the declaratory judgment proceeding show that the issue to be determined there was the question whether or not, at the time of the accident, Reighard was driving the Sherman car with the permission of the owners.

On May 7, 1943, the declaratory judgment proceeding came on to trial before a jury, which found the following verdict:

"And now, to wit, May 7th, 1943, we, the jurors empanellel in the above entitled case, find in favor of the plaintiff; we also find that at the time and place of the accident of March 26, 1940, George J. Reighard, Jr., was not using the automobile of Oscar Sherman and Olga Sherman with the permission of said Oscar Sherman and Olga Sherman, and, therefore, plaintiff is not liable under its policy No. AL 60289 to any of the defendants for any claims or demands arising out of said accident."

Judgment was entered on the verdict. The above-mentioned petitions of the Shermans were presented to this court on July 6, 1943, asking for a rule on the several plaintiffs to show cause why their actions should not be dismissed. These rules were granted.

The foregoing statement of facts is taken from the brief filed by the Shermans. An examination of the briefs filed by the various plaintiffs shows that there is agreement between parties as to the facts.

The position taken by the Shermans is that the finding of fact by the jury in the declaratory judgment proceeding constitutes res adjudicata as to the rights of plaintiffs to pursue their present actions.

A brief has been filed by the Shermans, one by the plaintiffs, and a reply brief on behalf of the Shermans.

Numerous decisions are cited in the Sherman brief, particularly the case of Hochman v. Mortgage Finance Corporation et al., 289 Pa. 260, and there is quoted from the Supreme Court's opinion, page 263, the following:

"The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule."

Other cases cited by the Shermans set forth the principle with respect to res adjudicata by the statement that it "applies with the same strictness when the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that the same matter, the establishment of which is essential to recovery in the second, was determined in the first".

In Rauwolf v. Glass, 184 Pa. 237, it was held that so far as the issues in a case are directly passed upon, whether principal or subordinate, they will be regarded as adjudicated, and the judgment concludes not only the technical fact in issue, but also every component fact necessarily involved in its determination.

The pleadings in the above actions raise one disputed question of fact only, that being whether or not Reighard was driving the Sherman car as the servant or agent of the plaintiffs or without their permission.

It is not contended that the plaintiffs could recover without showing that Reighard was lawfully in possession of and driving the Sherman car at the time of the accident. If it could not be shown that he was acting as the agent or servant of the Shermans, or at least

with their knowledge and permission, the plaintiffs could not hope to recover.

As shown by the record, it so happens that the coverage in the policy on the Sherman car made the insurance company liable for damages occasioned not only by the Shermans but by any other person operating the car with their permission.

It became of the highest importance in the declaratory judgment proceeding to have passed upon the fact whether or not Reighard was driving Shermans' car with Shermans' permission. If he was not, the insurance company would not be liable under its policy. The verdict quoted above is to the effect that Reighard was not driving Shermans' car with permission of the Shermans.

The Shermans contend that plaintiffs here are concluded by the findings of the jury in the Federal court. These plaintiffs were parties to the declaratory judgment proceeding, appeared by counsel therein, filed pleadings, and took part in the trial.

The brief filed by the Shermans calls attention to the fact that the car owned by Shermans was not a business car but a pleasure car, and that no presumption that it was being used on the owners' business exists in these cases and that before recovery may be had it must appear that the person using the car was engaged in the owners' work.

In their brief plaintiffs take the position that the decision of the United States district court in determining the contractual liability on the contract between the insurance company and the Shermans cannot be pleaded in a State court in an action of tort.

Counsel for the plaintiffs point out that the parties plaintiff in the State court are not the parties plaintiff in the Federal court and that suit in the Federal court was a petition by the insurance company to have determined its contractual liability to defendants in the State court. They say that there was no suit in the

United States court and that the proceeding was merely a petition for the construction and interpretation of the provisions of a contract and that none of the other parties was involved in the contract in any manner. Several cases are cited by counsel for plaintiffs, among them the case of National Metal Edge Box Co. v. American Metal Edge Box Co., 246 Pa. 78.

From the report in that case it seems that the hand of the State court was sought to be stayed on the ground that there was pending a suit in equity to enjoin plaintiffs' alleged infringement of a patent instituted by defendant in a Federal court wherein plaintiff claimed damages for the conversion of certain articles by way of set-off. In that case there was not a plea of res adjudicata. At page 82 of the opinion is contained the following:

"It is admitted, however, that the suit in the United States District Court is pending and nothing as to the merits of the question involved has there been determined. . . ."

Mention is made in the brief by plaintiffs of the fact that in the above-mentioned case there is contained an expression by the Supreme Court to the effect that the case in the district court is based upon a tort while the case in the State court was based upon the alleged breach of a contract.

Since the briefs were filed, counsel for Shermans called the attention of the court to the case of Chikowska v. Prado Garage, Inc., no. 98, January term, 1944, in the Supreme Court of this State [349 Pa. 508]. This case is authority for the contention that the Shermans would not be liable under the facts in the present case. However, we do not regard it as necessary to go into such questions at this time. Undoubtedly, if the facts are as they were found by the jury in the district court, there could be no recovery by these plaintiffs against the Shermans.

The question here is: Does the finding of fact by the jury in the Federal court case to the effect that on March 26, 1940, George J. Reighard, Jr., was not using the automobile of Oscar Sherman and Olga Sherman with the permission of said Oscar Sherman and Olga Sherman act as an adjudication of the matters of fact respectively averred and denied in the pleadings in the case before this court?

As the present actions are based, so far as liability by the Shermans is concerned, upon the contention that Reighard was driving the Sherman car with the permission of the Shermans, and the Shermans have denied this allegation in their affidavits of defense, it would seem that the fact involved in these actions has already been found, provided the situation meets the requirements of the res adjudicata rule.

The older decisions on the subject of res adjudicata were inclined to be technical and to look to the identity of the parties and the subject-matter or purpose of the litigation as being essential to establish a finding that res adjudicata applied. As the doctrine arose from the desire of courts to prevent litigating the same matter twice, the more recent decisions have been, as expressed in the Hochman case above mentioned, to consider whether the ultimate and controlling disputes have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights.

It seems too clear for controversy that the ultimate and controlling dispute here, namely, as to the agency of Reighard or his permission to use the Sherman car, was decided in the Federal court. It appears that all of the present parties were made parties to that proceeding and appeared and took part therein. Whether they had appeared and taken part or not, they were bound by the fact that they were made parties and given the opportunity to be heard.

The contention on the part of plaintiffs that the res adjudicata rule will not apply where one action is in tort and the other on contract or in some other form does not appear to be sustained by any case cited in their brief. The language in the Hochman case is so general as to make it clear that it is intended to apply to all cases where the fact in controversy can be determined. This should include actions in tort and actions on contract.

We must conclude that the finding of fact in the district court proceeding is conclusive upon the parties to these actions and that neither or any of them may now contend in any court that at the time of the accident here in question George J. Reighard, Jr., was operating the Sherman car as the employe or agent of the Shermans or even with their permission.

Separate orders in each of the above actions, in accordance with the findings of this opinion, have been this day filed in the office of the prothonotary of this court.