CÁNDIDA USERA SANTIAGO, ETC., Plaintiff and Appellee, *v.* ALEJANDRO GONZÁLEZ RODRÍGUEZ, DEFENDANT; ÁNGEL ARCE, JOSÉ M. MORALES and THE PORTO RICAN AND AMERICAN INSURANCE COMPANY, Defendants and Appellants.

No. 10693. Argued December 4, 1952.—Decided March 25, 1953.

*Córdova & González* and *Alberto Picó* for appellants. *Raúl Matos* and *Jaime A. García Blanco* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

Cándida Usera Santiago, represented by her husband, sued Alejandro González Rodríguez, Ángel Arce, J. M. Morales and The Porto Rican and American Insurance Co. in the former district court for injuries sustained by the plaintiff

when struck by an automobile driven by González. After a trial on the merits, the lower court entered judgment in favor of the plaintiff for $1,500, costs and attorney's fees of $300. González did not appeal from the judgment, but the other three defendants have appealed. The only error assigned is that "the lower court erred in holding that under the facts proved the co-defendants appellants are legally responsible for the damages sustained by the plaintiff."

There is no controversy as to the facts, practically all of which were stipulated. On August 10, 1950 the plaintiff, who was walking along the highway from Coamo to Santa Isabel, was struck by an automobile belonging to Morales, owner of an automobile agency, and driven by González. The latter was driving the vehicle as a prospective purchaser. Arce, an automobile salesman who was employed by Morales, had given González the keys to the car and permission to take it out in order to test it. González, who appeared to be about 18 or 19 years old, had no license to drive a car. Arce did not inquire if González had a driver's license before giving him permission to take the car. Morales had authorized Arce to permit prospective purchasers to take cars out to test them. González was driving alone when the accident occurred. The parties stipulated that the accident was due to the negligence and "lack of skill" of González in driving the car.

We start with certain propositions of law on which the parties agree. First, González was driving the car as a bailee, and not as the agent of either Arce or Morales. Second, a bailor who as here had no control over the manner in which a bailee operated a car ordinarily would not be liable for injuries sustained by a pedestrian due to the *negligence* of the bailee in driving the car. *Hernández* v. *De Jesús*, 70 P.R.R. 1, 3, and cases cited therein; 5 Blashfield, *Cyclopedia of Automobile Law and Practice*, Perm. ed., pp. 42–43.

Third, the owner of a car is not liable for the *negligent* acts of the driver of his car merely because he consented to the use of his car by the driver. *Díaz* v. *Iturregui*, 72 P.R.R. 191.

However, this case is not covered by the foregoing propositions of law. In the first place, here the parties stipulated that the accident was due in part to González' "lack of skill". Consequently, there is a definite and logical connection between the fact that González had no driver's license and the fact that the accident occurred. Our cases holding that under the circumstances of the said cases there was no causal connection between the lack of a license and the accidents involved therein—*Maldonado* v. *Hamilton*, 32 P.R.R. 208; *Vélez et al.* v. *Font*, 35 P.R.R. 286; see *People* v. *Pereira*, 49 P.R.R. 869—are therefore not in point here. On the contrary, in this case the lack of a license was an important link in the chain of events which were the proximate cause of the accident.

■ We turn to the second factor which takes this case out of the foregoing general rules; namely, that Arce did not inquire if González had a driver's license. We make it clear that we are not holding that the owner of a car is automatically liable for an accident caused by the *negligence* of a person whom he permitted to drive his car and who has a driver's license. But here the accident was due in part to a *lack of skill*. This lack of skill could reasonably be expected in a person who has no driver's license. Arce was therefore negligent under the circumstances in not even inquiring of this boy, who appeared to be 18 or 19 years old, as to whether he had a driver's license. And such negligence on the part of Arce is imputed to his employer, Morales, under § 1803 of the Civil Code, as amended by Act No. 120, Laws of Puerto Rico, 1943, because Arce should have made this inquiry as an employee of Morales in connection with the performance of his duties, one of which was to permit prospective purchasers to test cars in which they were interested.

■ The view we have taken of this case is fortified by the fact that the conduct of Arce constituted a violation of § 12 (a) of The Automobile and Traffic Act, Laws of Puerto Rico, 1946.[1] See *Tapia* v. *Martínez*, 70 P.R.R. 53. The appellants argue that a person owning or controlling a vehicle violates § 12 (a) only if he *knows* that the person driving the car with his permission has no driver's license. We do not agree. Some of the cases on which the appellants rely involve statutes which contain the word "knowingly". See *Mundy* v. *Pirie-Slaughter Motor Co.*, 206 S. W. 2d 587 (Tex., 1947); *Shifflette* v. *Walkup Drayage & Warehouse Co.*, 169 P. 2d 996 (Calif., 1946); *Hoke* v. *Atlantic Greyhound Corporation*, 40 S. E. 2d 345 (N. C., 1946). The cases interpreting statutes like ours are divided. We prefer the view that our statute means what it says, and that it is a violation of § 12 (a) for a person as here to permit an 18 or 19 year old boy to drive a car which the former owns or controls without making any inquiry whatsoever as to whether the boy has a license. Compare *Fitiles et al.* v. *Umlah et al.*, 77 N. E. 2d 212 (Mass., 1948) and *Herz Driv-Ur-Self System* v. *Hendrickson*, 121 P. 2d 483 (Colo., 1942) with *Chamberlain* v. *Riddle*, 38 A. 2d 521 (Pa., 1944) and *Bowdler* v. *St. Johnsbury Trucking Co.*, 4 A. 2d 871 (N. Y., 1939).

Our cases do not shed too much light on this point. *Casillas* v. *Rengel*, 51 P.R.R. 618, was decided on a demurrer to the complaint. The precise question before us was left open because it was not clearly alleged that the owner knew that the person who borrowed the car did so in order to drive it himself. Here there is no question that Arce knew González was going to drive the car.

*Ojea* v. *Drug Co. of Porto Rico*, 40 P.R.R. 626, is distinguishable. There the defendant corporation was held not

---

[1] Section 12 (a) reads as follows: "No person shall permit a motor vehicle owned by him or under his control to be driven by a person not legally authorized to do so, or permit his vehicle to be operated in violation of the provisions of this Act."

liable for the conduct of a chauffeur in driving an automobile for a salesman employee of the corporation who was authorized by the corporation to employ a chauffeur. It is true that we said in passing at p. 627 that "The evidence does not reveal that the company had the slightest knowledge that the chauffeur employed was without a license." But there is no discussion in the case of whether the company should have known this fact. Moreover, the decisive factors in the case apparently were (1) that there was no causal connection between the lack of a license and the accident, and (2) that the negligent acts were not executed in the performance of any duty owed to the defendant. We therefore find nothing in the *Ojea* case contrary to our holding here.

*Cardona* v. *Nigaglioni*, 43 P.R.R. 698, is not wholly in point because it involved the liability of a bailee of an automobile to the bailor because the former permitted a person not licensed to drive to operate the car in such a manner that it was destroyed. Yet our language in that case is significant. We said at p. 700 that "Had the defendant requested Raúl Bacó [the chauffeur], as was his duty, to show his license to operate motor vehicles, he should have learned that he did not have one. He failed to do this and permitted the loaned automobile to be driven by a person who had not demonstrated his competency before the Department of the Interior; and it was not shown at the trial that even though he did not have a license he was competent to drive." (Matter in brackets ours).

We are aware of the cases in continental United States holding that ordinarily a vendor is not responsible for the damages caused by the *negligence* of a prospective buyer who is driving a car with the consent of the vendor to test it and is unaccompanied by an agent of the owner. 5 Blashfield, *supra*, p. 42; *Roy* v. *Hammett Motors*, 192 So. 570 (Miss., 1940); *Gathright* v. *Carl Markley Motor Co.*, 146 S. W. 2d 307 (Tex., 1940); *Saums* v. *Parfet*, 258 N. W. 235

(Mich., 1935). But that general rule does not apply and liability does exist where two conditions are present: (1) the owner knew or should have known that the driver has no license or is incompetent; (2) there is a causal connection between the lack of a license or the incompetency and the accident. *Mundy* v. *Pirie-Slaughter Motor Co., supra; Williamson* v. *Eclipse Motor Lines,* 62 N. E. 2d 339 (Ohio, 1945) ; Annotation, 168 A.L.R. 1364; 2 Restatement, Torts, § 390, p. 1058. *Cf. Chamberlain* v. *Riddle, supra.* Both conditions exist here. We have found under all the circumstances that Arce was under a duty to inquire if González, an 18 or 19 year old boy, had a license. He therefore should have known that he had none. We have likewise found that there was a causal connection in this case between the lack of a license and the accident.

In view of the foregoing, Arce, the automobile salesman, was liable to the plaintiff for the injuries sustained by her when she was struck by the automobile driven by González, the prospective purchaser. And as Arce was acting in the performance of his duties as an employee of Morales, owner of the automobile agency, in permitting González to drive the car as a prospective purchaser, it follows that Morales is also liable to the plaintiff.

The judgment of the former district court will be affirmed.