Grosso, by Guardian *ad litem,* and another, Appellants,
vs. Wittemann, Respondent.

*January 6—February 2, 1954.*

18

For the appellants there were briefs by *Quarles, Spence &amp; Quarles,* attorneys, and *Edmund W. Powell* and *Kurt H. Frauen* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondent there was a brief by *Gerlach &amp; Porter* of Milwaukee, and oral argument by *Emery J. Porter.*

BROADFOOT, J. This action is based on common-law negligence. A teacher in the public schools is liable for injury to the pupils in his charge caused by his negligence or failure to use reasonable care. 78 C. J. S., Schools and School Districts, p. 1197, sec. 238. The many cases collected in the annotation in 32 A. L. R. (2d) 1181–1186, sufficiently demonstrate that the teacher is not immune to such responsibility in the absence of statute. Neither is he an insurer of the safety of the pupils in his charge.

The gist of the plaintiff's complaint is contained in par. 5 thereof, which reads as follows:

"Upon information and belief that at the time the defendant allowed the plaintiff Gerald Grosso and Thomas Shong to clean the oil room he knew that certain dangerous acids were stored in said room and that he also knew at the time he allowed the two boys to enter the oil room that he had a short time prior thereto placed an unlabeled, uncorked bottle on the shelf in said room near the front of said shelf and that he believed said bottle contained an acid or other dangerous liquid; that on January 24, 1949, the plaintiff Gerald Grosso was fifteen (15) years of age, and upon information and belief, Thomas Shong was fourteen (14) years of age; that despite the tender age of these two boys the defendant allowed them to enter the oil room containing the hazards just referred to alone and unsupervised and failed to warn them of the hazards present therein; that at the aforesaid time the plaintiff Gerald Grosso was unaware of the presence of the dangerous liquids within the oil room."

The elements of negligence alleged were the placing of an unlabeled, uncorked bottle of acid on the shelf and failing to warn the plaintiff of said hazards. The burden of proof, of course, was upon the plaintiff to establish the alleged claims of negligence. The jury found that the defendant was not negligent with respect to warning the plaintiff that the bottle contained acid. In other words, it found from credible evidence that the defendant did warn the plaintiff. That answer

disposes of the question of labeling. All that the label upon the bottle could have done would have been to warn the plaintiff that it contained acid.

The sole question remaining was whether or not the defendant placed the bottle upon the shelf without a cork in it. To establish that element the plaintiff testified as follows:

"*Q*. And did you notice whether there was a cork on that bottle? *A*. I don't think there was."

On cross-examination the plaintiff testified as follows:

"*Q*. It was a corked bottle? *A*. Yes, it is a cork bottle."

The Shong boy, plaintiff's witness, testified as to that matter as follows:

"*Q*. Do you remember whether the bottle that fell was uncorked or corked? *A*. I don't remember, or not for sure, but I imagine it was uncorked. I couldn't say for sure."

The defendant testified positively that there was a cork in the bottle at the time he placed it upon the shelf. There is evidence that the bottle was uncorked immediately after the accident.

In order to substantiate his claim of negligence that the defendant placed and maintained an open bottle of acid upon the shelf, it was the duty of the plaintiff to prove that the defendant did place an open bottle thereon, or that he knew or should have known that the cork had been removed. There is no such testimony. When and under what circumstances the removal took place, if it did, is completely speculative. We consider the learned trial court was right in holding as a matter of law that the plaintiff had not met his burden and proved negligence on the part of the defendant.

That conclusion makes it unnecessary for us to review the determination of the trial court that the accident resulted from a scuffle and that said scuffling was an intervening cause

of the accident. The plaintiff failed to establish the allegations of his complaint and the same must be dismissed as the trial court directed.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*concurring*). The evidence was conflicting as to whether the defendant teacher warned the plaintiff and his companion, Shong, of the danger present in the oil room due to the storage of acid at the time the defendant permitted them to enter such room to clean up the wax on the floor. However, the jury, by their answer to question 1 (b) of the special verdict, resolved this conflict in favor of the defendant, so on this appeal we must accept as a verity the fact that the two boys were so warned of the danger. In spite of such warning, in some unexplained manner, the acid bottle was upset spilling the acid upon plaintiff.

The plaintiff was not a child of tender years, but at the time of the accident he was fifteen years nine months of age. Furthermore, the testimony discloses that he was a boy of intelligence and in no way mentally retarded. Plaintiff was unable to give any explanation of how the accident happened, except that he, and not Shong, was the one who knocked over the bottle of acid. There is no possibility that such knocking over of the bottle could have happened except through some act of carelessness on the plaintiff's part in direct disregard of the warning given by the defendant teacher. Such negligence on the part of the plaintiff should be held, as a matter of law, to have been at least as great, if not greater, than that of the defendant teacher.

In *Wear v. Northern States Power Co.* (1952), 262 Wis. 9, 53 N. W. (2d) 777, this court approved of a determination made by the trial court, that the negligence of the plaintiff's intestate who placed himself in a position of danger in disregard of the express warning of his fellow employees and sustained injury as a result of such exposure to danger, must

be held to have been at least as great as the negligence of the defendant power company. Such holding would seem to be controlling in the instant case so as to bar plaintiff from recovery, even though the negligence of defendant might possibly have presented a jury issue.

I am authorized to state that Mr. Justice STEINLE joins in this concurring opinion.

BROWN, J. (*dissenting*). I consider the testimony raised questions of negligence which should be answered by the jury rather than the court. Accordingly, I believe judgment should have been entered on the verdict.