Gary Richard ADAMS and Joseph E. Adams, Plaintiffs,

v.

Loren KLINE and the University of Delaware, a corporation of the State of Delaware, Defendants and Third-Party Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation, Third-Party Defendant.

Superior Court of Delaware.

New Castle.

Feb. 20, 1968.

Donald W. Booker, Wilmington, for plaintiffs.

B. Wilson Redfearn, Wilmington, for Kline and University of Delaware.

Rodman Ward, Jr., Wilmington, for Ford Motor Co.

## OPINION

CHRISTIE, Judge.

Plaintiff, Gary Adams,[1] has sued Loren Kline and the University of Delaware, alleging that he suffered injury as a result of their negligence. Ford Motor Co. has been brought in as a third party defendant. Ford is not a party to the pending motion for summary judgment, and its role is not further mentioned in this opinion.

The accident occurred on November 13, 1964. At the time, plaintiff was 19 years old, a student at the University of Delaware, and a member of its soccer team. On that date, the team was to play in a soccer game against Temple University in Philadelphia. The team departed from the University in two vehicles, the leading car being driven by defendant Kline, the coach. The second vehicle was a University-owned Ford Econoline Van driven by the plaintiff. The Econoline carried six other players and their equipment. The Kline vehicle carried the remainder of the players.

After leaving the campus, the vehicles proceeded along the Kirkwood Highway with Kline's vehicle in the lead. When the vehicles approached the Milltown Road intersection, the light turned amber and the Kline vehicle stopped suddenly. The plaintiff then applied the brakes of the Econoline. According to him, the brakes were ineffective to stop the vehicle and to prevent

---

1. Mr. Joseph E. Adams, Gary's father, is joined as a party plaintiff with a claim for loss of his son's society and for medical expenses. But for purposes of this opinion, I will refer only to the plaintiff, Gary Adams.

it from crashing into the Kline vehicle. As a result of the ensuing crash, the plaintiff suffered injuries.

The University-owned vehicle, according to answers to interrogatories supplied by the plaintiff, had a carrying capacity of approximately 900 pounds. However, on the date of the accident, plaintiff says the vehicle was carrying between 1300 and 1400 pounds. Although the plaintiff alleges that the accident was caused by defective brakes, the only evidence of any defect appears to be based upon the plaintiff's experience immediately before the accident. Until that time there had been no known problems in stopping the vehicle. The plaintiff could recollect no other difficulty with the brakes and had not mentioned the brakes to anyone.

There is no evidence that the plaintiff was other than a skilled driver. He was licensed to drive in Connecticut. He had been driving for several years and was familiar with the handling of heavy duty equipment such as trucks, tractors, combines and harvesters. According to his father, the plaintiff was "as qualified as they came," and able to drive almost any type of vehicle.

When the soccer team travelled to games the driver of vehicles used to transport the team was determined simply by who got behind the wheel. On the day of the accident, plaintiff happened to get behind the wheel, and at no time did he himself or anyone else object to the fact that plaintiff was the operator of the vehicle.

The complaint sets out numerous allegations of negligence on the part of defendants Kline and the University of Delaware. The defendants denied negligence in their answer and set out the affirmative defense of contributory negligence. The defendants have moved for summary judgment with respect to each allegation. This opinion deals only with that motion.

█ To obtain summary judgment defendants must demonstrate to a reasonable certitude that there is no triable issue of material fact and that they are entitled to judgment as a matter of law. See Ebersole v. Lowengrub, 4 Storey 463, 180 A.2d 467 (Sup.Ct. 1962); Williamson v. Wilmington Housing Authority, Del., 208 A.2d 304 (Sup.Ct. 1965). The wording of amended Rule 56(e) makes it clear that plaintiff to defeat the motion must then come forward with enough evidence to demonstrate the existence of a genuine issue of material fact. Colish v. Brandywine Racing Association, 10 Terry 493, 119 A.2d 887 (Super. Ct. 1955); Hart v. Miller, 10 Terry 477, 119 A.2d 751 (Super.Ct. 1955); see also 3 Barron & Holtzoff, Federal Practice and Procedure, § 1235.

The complaint alleges among other things that the defendants (1) provided the plaintiff with a vehicle which they knew or should have known had defective brakes, and (2) allowed him to overload the vehicle when they knew or should have known that the overloading would prevent stopping of the vehicle within a safe distance.

█ These allegations, if proved, constitute a valid claim against the University which had a duty to exercise due care under all the circumstances.

█ If proved, the foregoing allegations also state a valid personal claim against Kline. In his role as teacher, Kline had a duty to exercise reasonable care under the circumstances. 32 A.L.R.2d 1181–1186; Grosso v. Wittemann, 266 Wis. 17, 62 N.W.2d 386 (1954); See Doktor v. Greenberg, 58 N.J.Super. 155, 155 A.2d 793, 795 (1959). If a teacher allows his pupil to use an instrument or equipment which is under the control of the teacher and which the teacher knows or should know is unsuitable for such use and could foreseeably cause harm, the teacher is liable for any harm proximately resulting from the pupil's use of the unsuitable equipment or instrument. Kline would be negligent if in fact he allowed the vehicle to be overloaded and could foresee that overloading would

cause the brakes to malfunction. Likewise, if he knowingly allowed plaintiff to use a vehicle having defective brakes, this would be actionable.

■ However, Kline's duty of due care did not include that of inspecting the brakes, nor was he required to test the vehicle provided by the University. A team coach who does not own, and is not assigned the duty of inspecting, the vehicle cannot be held liable for failure to inspect or test. He may be charged only with that knowledge of defects which he in fact possessed and of defects which were apparent. Kline by uncontradicted affidavit attests to having had no knowledge of a defect and no defect was apparent. There is no evidence on which a finding could be based that Kline knew or should have known by exercising due care, that the brakes were defective. Summary judgment will be granted with respect to his alleged negligence in allowing plaintiff to use a vehicle with defective brakes.

■ With respect to the alleged defective brakes, summary judgment must also be granted on behalf of the University. As the party opposing the motion and in view of the defense affidavits the plaintiff had the duty of introducing evidence which indicates the existence of a pertinent dispute of fact. As to the issue of defective brakes plaintiff was required to present some evidence tending to show that the vehicle had brakes with a known defect or a defect discoverable by reasonable inspection. The record may contain by inference some evidence of a brake defect but such evidence of defect is not evidence of a defect which was known or should have been known. The record is devoid of evidence which shows that any brake defect was known or could have been discovered by reasonable inspection. For example, the record does not contain an affidavit by an auto mechanic or any other person that he inspected the brakes after the accident and found a defect which could have been discovered before the accident. The evidence is that the brakes operated properly until they failed immediately before the accident. Since the plaintiff has not made a prima facie case as to this aspect of the alleged brake defect, and because the University has attested by uncontradicted affidavit that it had no actual knowledge of any braking defect, summary judgment for the University will be granted on this issue.

■ Plaintiff further alleges that the defendants negligently allowed the car to become overloaded and that this caused the brakes to fail. The record indicates that the Econoline was carrying up to 400 pounds over what is pictured as the normal carrying load. From this fact, a jury might reasonably infer that the vehicle was so overloaded as to cause the brakes to stop the car less effectively under the added strain. The record does not show that such a possibility was totally unforeseeable. The Court declines to hold as a matter of law that the defendants' behavior in this respect was not negligent. Defendants' motion for summary judgment will be denied as to allegations based on overloading the vehicle.

The gist of the remaining allegations is that defendants Kline and the University of Delaware were negligent in:

1) failing to determine whether the plaintiff was a competent driver,

2) failing to instruct the plaintiff in the correct operation of the vehicle,

3) failing to determine if the plaintiff had a Delaware driver's license or a chauffeur's license, and

4) failing to determine whether the plaintiff met the requirements of 21 Del.C. § 2707 to be twenty-one years of age to drive a school bus.

It would be difficult indeed for plaintiff to recover under any of these allegations since it was he himself who elected to drive the vehicle. Moreover, the statutes involved appear to be largely for the pro-

tection of persons other than the one who violates such statutes.

In any event none of these allegations is legally sufficient because in view of the undisputed facts of the case none of the alleged violations can be shown to be the proximate cause of the accident.

■ Defendants' failure to determine whether the plaintiff was a competent driver cannot be said to have proximately caused the accident. The record shows that any inquiry made into the plaintiff's driving competence would only have revealed that the plaintiff was a competent driver. Furthermore, plaintiff can not allege that his own lack of competence was the cause of the accident.

■ Similar reasoning applies to the allegation that the defendants failed to instruct the plaintiff in the proper use of the vehicle. The record shows that the plaintiff had driven the vehicle on a previous occasion, and had also driven the vehicle for some distance prior to the accident. Moreover, the record contains no evidence tending to show that the plaintiff did not know how to drive it. On the contrary the only reasonable conclusion to be drawn is that the plaintiff knew how to drive the vehicle properly. There is no evidentiary basis to support a contention that lack of instruction caused the accident or that instruction in the operation of the vehicle would have prevented the accident.

The plaintiff next alleges that the defendants were negligent in failing to ascertain whether he had a Delaware driver's license and chauffeur's license.

■ Under 21 Del.C. § 2705 a non-resident is exempted from the Delaware licensing requirement if he is duly licensed in another state. The plaintiff was a Connecticut resident and duly licensed in that state. Hence, the plaintiff was not required to have a Delaware driver's license.

■ It is probable that he was not required to hold a chauffeur's license for the type of driving he was doing. Such license is generally required only where the driver is employed and paid by the owner. State v. Depew, 175 Md. 274, 1 A.2d 626 (1938); 60 C.J.S. Motor Vehicles § 151. The plaintiff was a volunteer.

■ The mere fact that the operator of a motor vehicle was not licensed does not form the basis for liability unless not having the license is a cause of the injury. Gulla v. Straus, 154 Ohio St. 193, 93 N.E.2d 662, 664 (1950) and cases cited therein; Chamberlain v. Riddle, 155 Pa.Super. 507, 38 A.2d 521 (Pa.Super.1944). There is no evidence that the lack of Delaware licenses was in any way a cause of the injury.

Finally, the plaintiff alleges that the defendants violated the provisions of 21 Del. C. § 2707, in that they allowed a person under the age of twenty-one to drive a school bus. The statute provides that:

"No person under twenty-one years of age whether licensed or not shall drive a motor vehicle while such vehicle is in use as a school bus or as a public passenger carrying conveyance."

■ If it is assumed that the vehicle was a school bus, still there is no evidence that defendants' failure to determine whether or not the statute was being violated was a proximate cause of the injury. Plaintiff cannot use this statute as a basis of recovery.

■ The defendants argue that, as to all the allegations contained in the complaint, summary judgment should be granted on the ground that the record shows that plaintiff was contributorily negligent as a matter of law. Contributory negligence is ordinarily a question of fact for the jury unless but one conclusion can be drawn or inferred from the facts. See Garofoli v. Salesianum School, Inc., Del.Super., 208 A.2d 308 (Super.Ct.1965). Since the evi-

dence in the record permits more than one conclusion as to contributory negligence, summary judgment will not be granted on the remaining issues raised by the defense of contributory negligence.

Defendant Kline's motion for summary judgment is denied. Partial summary judgment under Civil Rule 56(d) is granted in favor of Kline as to all specifications of negligence in the complaint except those contained in Count 2(c) (iii) insofar as that count deals with the alleged overloading of the vehicle. Defendant University of Delaware's motion for summary judgment is denied. Partial summary judgment under Civil Rule 56(d) is granted in favor of the University as to all specifications of negligence in the complaint except those contained in Count 2(c) (iii) and Count 3(c) (i) (ii) and (iii) insofar as those counts relate to overloading of the vehicle.

It is so ordered.