DOWNEY, Judge,
concurring specially:
Appellee Seymour was an employee of appellee Southern Bell. His work required him to drive a van type vehicle owned by his employer. On the date in question Seymour had driven to his home for lunch and was in the process of backing the van out of his driveway and into the street. One of his neighbors, Nye, a juvenile with whom Seymour was unfriendly, rode along side the van and called Seymour an obscene name. The evidence is conflicting on what transpired during this period; however, we will recite the evidence most favorable to appellant since the matter was disposed of on summary judgment. Nye testified in his deposition that he was riding his bicycle down the street and Seymour came out of his house to go to his van. Nye called him an obscene name. Nye crossed over the road to get away from Seymour in the van, but Seymour drove across the road and ran Nye off the road. When Seymour neared Nye, Nye spit on him. Then his bike went over the curb. Seymour stopped the van, got out and attacked Nye.
Nye’s parents sued Seymour and Southern Bell in two counts:
1) for damages for assault and battery growing out of the use of a dangerous instrumentality, and
2) for damages for assault and battery based upon the master-servant relationship and for negligent retention of a known violent and dangerous employee.
From a summary judgment for Southern Bell this appeal was perfected.
The record refutes the negligent retention theory as well as the theory of Southern Bell’s responsibility under the master-servant principle, showing that Seymour was not in the scope of his employment when he proceeded down the street after Nye in the wake of the obscene remark.
The feature of this case which I believe warrants some judicial comment is the question raised as to the liability of the employer under the dangerous instrumentality doctrine for intentional torts of his employee regardless of the fact that the employee was not acting within the scope of his employment at the time of the incident giving rise to this suit.
There is authority for holding that the employer is not liable for the intentional torts of his employee committed outside the scope of his employment simply because the act was committed while operating a dangerous instrumentality owned by the employer.
The Restatement of the Law of Agency, Second, § 238, sets forth the following rule:
Except where he is at fault or fails to perform a non-delegable duty, a master is not liable for harm caused by the use of instrumentalities entrusted by him to a servant when they are not used in the scope of employment.
Comment (e) to that rule provides, in material part, as follows:
Dangerous instrumentalities. Under the rule stated in this Section, the mere entrusting of even a highly dangerous instrument to a servant does not cause the master to be liable for injuries caused by the servant’s using it in sport or revenge, to satisfy a purpose of his own....
Illustration 1 under comment (e) recites:
The P railroad employs A as an engineer. For the sole purpose of scaring T, A blows the whistle, causing the horse being driven by T to run away. P is not liable to T.
The decision of the Supreme Court of Pennsylvania in Vadyak v. Lehigh & New England R. Co., 318 Pa. 580, 179 A. 435 (1935), also supports the rule that an employer is not liable for an intentional tort of an employee operating a dangerous instrumentality, so long as the employee is not acting in the scope of his employment.
*328 Accordingly, having disposed of the problem created by the employee’s use of a dangerous instrumentality owned by the employer, I join in the affirmance of the summary judgment for Southern Bell.